# NO. 12-20-00181-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID WRIGHT ZIEBELL,* *APPELLANT* | *§* | *APPEAL FROM THE 247TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *MARIANA B. HERNANDEZ CORONA,* *APPELLEE* | *§* | *HARRIS COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

For two reasons, this appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 42.3(c).

First, a party who is not excused by statute or the appellate rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On July 16, 2020, Appellant, David Wright Ziebell, was notified that the filing fee in this appeal is due and that the appeal would be subject to dismissal if not paid within twenty days of the July 16 notice, unless Appellant is exempt from paying the filing fee or established an inability to pay the filing fee. *See* TEX. R. APP. P. 5. On August 6, Appellant was informed that the filing fee had not been paid and, unless Appellant notified the Court in writing on or before September 7 as to why Appellant should not pay the fee, or paid the appellate filing fee on or

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on July 30, 2020, this appeal has been transferred to this Court from the First Court of Appeals in Houston, Texas.

1

before September 7, the appeal may be dismissed. *See* TEX. R. APP. P. 42.3(c). The date for remitting the filing fee passed, and Appellant has not paid the fee or otherwise shown that he is excused from paying the fee.[2]

Second, on August 12, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by Texas Rules of Appellate Procedure 9.5 and 25.1(d), as well as Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P 9.5 (service), 25.1(d) (contents of notice); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record). The notice warned that, unless Appellant filed a proper notice of appeal on or before September 11, the appeal would be referred to the Court for dismissal. This deadline passed and Appellant has not filed a compliant notice of appeal or otherwise responded to this Court's August 12 notice.

Because Appellant failed, after notice, to comply with Rule 5, Rule 9.5, Rule 25.1, and Section 51.017(a), the appeal is ***dismissed***.[3] *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] The record does not indicate that Appellant was declared indigent.

[3] We also note that Appellant failed to file the required docketing statement. *See* TEX. R. APP. P. 32.1. Additionally, his brief is overdue. *See* TEX. R. APP. P. 38.8(a)(1).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 14, 2020

NO. 12-20-00181-CV

**DAVID WRIGHT ZIEBELL,**
Appellant
V.
**MARIANA B. HERNANDEZ CORONA,**
Appellee

Appeal from the 247th District Court

of Harris County, Texas (Tr.Ct.No. 2019-15675)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*